IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-220 |
| | : | |
| LEVOIN MANLEY | : | |

Ditter, S.J.                                                                                                 March 6, 2008

## MEMORANDUM AND ORDER

The question before me involves drug quantities and whether a jury's verdict should be set aside and a verdict of a lesser included offense be entered in its place. The defendant contends that while the evidence at trial could have justified a verdict that he possessed less than 5 or more than 50 grams of cocaine base, it could not support the verdict that he possessed more than 5 but less than 50 grams. I agree.

On February 24, 2007, a federal grand jury returned an indictment charging Levoin Manley with possession with intent to distribute 50 or more grams of cocaine base (Count One), possession with intent to distribute marijuana (Count Two), and distribution of cocaine base (Counts Three and Four). Count One's possession charge has two lesser included offenses that are determined by the quantity of drugs attributed to the defendant: 1) possession with intent to distribute more than 5 but less than 50 grams, 21 U.S.C. § 841(b)(1)(B)(iii), an offense with a maximum sentence of 40 years imprisonment; and 2) possession with intent to distribute less than 5 grams, 21 U.S.C. § 841(b)(1)(C), an offense with a maximum sentence of 20 years imprisonment.[1]

The jury convicted Manley of the lesser included offense in Count One, possession with intent to deliver more than 5 but less than 50 grams of cocaine base and the two distribution

---

[1] If the defendant has a prior felony drug conviction, the maximum sentence is 30 years.

counts.  He was found not guilty of possession with intent to distribute marijuana.   The evidence presented at trial established that cocaine base was located in two separate areas of Manley's home.  From a second floor bedroom used by Manley, police seized 3.275 grams.  From an unplugged freezer located in the first floor kitchen, police seized a book bag containing 69.05 grams of cocaine base.  The cocaine base in the book bag was packaged in three separate plastic bags.  One bag contained 15 packets weighing 2.24 grams, the second bag contained 300 packets weighing 52 grams, and the third bag contained a chunk of cocaine base weighing 14.81 grams.

     Manley asserts that he would have been convicted of possession with intent to distribute more than 50 grams of cocaine base, as charged in the indictment, if the jurors had determined he was in knowing possession of the more that 72 grams of cocaine base that was found in the book bag and the bedroom.  If the jurors found Manley was in knowing possession of the 69.05 grams of cocaine base hidden in the book bag and not the 3.275 grams found in the bedroom, he would still have been convicted of the most severe offense.  However, if the jury concluded that Manley possessed only the drugs found in the bedroom, the most he could be convicted of is possession of less that 5 grams of cocaine base.  Thus, Manley contends that there is no view of the evidence that would support his conviction for possession with intent to distribute more that 5 grams but less than 50 grams of cocaine base.

     In considering a claim that the evidence is insufficient to support a conviction, I "must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt." *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).  The Government contends that "the explanation for the jury's verdict is very simple - they accepted some, but not all, of the crack cocaine found inside the bookbag as defendant's which he possessed with intent to deliver."

*Govt. Resp.* at 6.  This is the only way the facts would support the jury's verdict.

There may be circumstances under which the Government's explanation would be adequate to sustain the jury's verdict.  If, for example, the three individual bags were not located in one book bag but were instead found in separate areas of the house.  Not so in this case.  Here, the three bags were found together in a single book bag that was hidden in a freezer.  No evidence was presented at trial to cause the jury to conclude that some, but not all, of the contents of the book bag belonged to Manley, nor can I think of any reason for the jury to reach such a conclusion.

It is also reasonable to conclude that the jury did not attribute these drugs to Manley because there was nothing in the book bag to identify it as belonging to Manley and it was found in a common area of the house that was readily accessible to his parents, his brother, or any guest of the family.  Contrast that with Manley's statement to the police that the drugs were in his room and the location of a box of his mail in the room where the smaller quantity of drugs were found.  If the jurors were to find Manley guilty of possessing any cocaine base, the evidence presented three options as to the amount: 1) all the cocaine base found in the home; 2) just the cocaine base in the book bag; or 3) just the cocaine base from the bedroom.  Where the jury has acquitted Manley of the charge that he possessed more than 50 grams of cocaine base, options one and two have been rejected.  What remains is evidence to support a conviction for possession with intent to distribute the 3.275 grams of cocaine base found in the bedroom.  Thus, the evidence is not sufficient to support his conviction on Count One for possession with intent to distribute more than 5 but less than 50 grams of cocaine base and that conviction must be vacated.

A trial court has the "authority to enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by

evidence sufficient to sustain the jury's finding of guilt on the greater offense." *Gov't of the Virgin Islands v. Josiah/Rios,* 641 F.2d 1103, 1108 (3d Cir. 1981); *see also United States v. Vazquez*, 271 F.3d 93, 105 (3d Cir. 2001) (*en banc)*. I have found that the evidence did not support the jury's decision only as to the amount of cocaine base determined to have been possessed by Manley. The evidence is sufficient to support a conviction on the lesser included offense of possession with intent to distribute less than 5 grams of cocaine base. Thus, I will enter a verdict on the lesser included offense of possession with intent to distribute less than 5 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(C).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-220 |
| | : | |
| **LEVOIN MANLEY** | : | |

**O R D E R**

AND NOW, this   6th     day of March, 2008, IT IS HEREBY ORDERED that:

1.  Defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 on Count One for the offense of possession with intent to distribute cocain base is GRANTED to:

    (a) reflect a finding that the evidence at trial requires a reduction in the jury's finding that the defendant possessed more than five grams of cocaine base;

    (b) vacate the defendant's conviction for possessing with intent to distribute more than 5 but less than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii); and

    (c) enter a judgment of conviction on Count One for the lesser included offense of possession with intent to distribute less than 5 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(C).

3.  Defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33 is DENIED.

4.  The United States Probation Office is directed to amend its presentence investigation report to reflect this change in defendant's judgment of conviction.

  5.  Counsel shall advise the court if they wish waive their right to receive the presentence investigation report at least 35 days before sentencing and proceed with sentencing as currently scheduled on March 19, 2008, or whether they wish to have sentencing set for on or after April 10, 2008.

                BY THE COURT:


                 /s/ J. William Ditter, Jr.
                 J. WILLIAM DITTER, JR., S.J.