IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.      : | CRIMINAL NO. 07-220 |
| : | |
| LEVOIN MANLEY   : | |

Ditter, J.                                                                                                      April 22, 2008

**MEMORANDUM AND ORDER**

This case comes before me on the government's motion for reconsideration of an order setting aside a drug-possession conviction and substituting for it a conviction for a lesser included drug-possession offense. The question is whether the jury's verdict that the defendant possessed more than 5 grams of cocaine base but less than 50 grams must be sustained where the evidence clearly showed that the possessed amount was either less than 5 grams or more than 50 grams. Having reconsidered my prior finding and its resulting order, I affirm both.

I take the statement of facts largely from my prior memorandum in this matter.

On February 24, 2007, a federal grand jury returned an indictment charging Levoin Manley with possession with intent to distribute 50 or more grams of cocaine base (Count One), possession with intent to distribute marijuana (Count Two), and distribution of cocaine base (Counts Three and Four). Count One's possession charge has two lesser included offenses that are determined by the quantity of drugs attributed to the defendant: 1) possession with intent to distribute more than 5 but less than 50 grams, 21 U.S.C. § 841(b)(1)(B)(iii), an offense with a maximum sentence of 40 years imprisonment; and 2) possession with intent to distribute less than 5 grams, 21 U.S.C. § 841(b)(1)(C), an offense with a maximum sentence of 20 years

imprisonment.[1] The jury convicted Manley of the lesser included offense in Count One, possession with intent to deliver more than 5 but less than 50 grams of cocaine base and the two distribution counts. He was found not guilty of possession with intent to distribute marijuana.

The evidence presented at trial established that cocaine base was located in two separate areas of Manley's home. At the time of his arrest, Manley told the police that the drugs were in the bedroom. From a second floor bedroom, police seized 3.275 grams of cocaine base and found mail addressed to Manley. During the course of the search of the Manley home, police seized a book bag containing 69.05 grams of cocaine base from an unplugged freezer located in the first floor kitchen. The cocaine base in the book bag was packaged in three separate plastic bags. One bag contained 15 packets weighing a total of 2.24 grams, the second bag contained 300 packets weighing a total of 52 grams, and the third bag contained a chunk of cocaine base weighing 14.81 grams. The police also found a package containing approximately 1,553 grams of marijuana hidden in a backyard grill.

From the locations of the various quantities of cocaine base, it is apparent the jury could have logically found Manley possessed all that was found in the book bag, that is, 69.05 grams plus the 3.275 grams from the upstairs bedroom, just the amount in the book bag, or just the amount upstairs. How the jury could find Manley possessed more than 5 but less than 50 grams of cocaine base is not at all apparent.

In support of its motion for reconsideration, the government asserts that the jury attributed some but not all of the drugs found in the book bag to Manley. In effect, the

---

[1] The jury was not instructed on the lesser-included offense of less than 5 grams nor was that option given on the verdict sheet.

government speculates that perhaps the jury attributed the drugs found in the bedroom and one or both of the two smaller quantities found in the book bag to Manley (3.25 + 2.24 + 14.81 = 20.30 grams; 3.25 + 2.24 = 5.49 grams; or 3.25 + 14.81 = 18.06 grams).  Or, maybe the jury concluded that only the two packages containing the smaller quantities of cocaine base found in the book bag belonged to Manley (2.24 + 14.81 = 17.05 grams).  No other combination of the drugs as packaged could have resulted in a conviction for possession of more than 5 but less than 50 grams of cocaine base.

Thus, only if Manley was found to have possessed some but not all of the cocaine base recovered from the book bag can a weight of more than 5 grams but less than 50 grams be realized.  And the problem is, of course, that the book bag presented an either or proposition because there was no evidence to suggest that either or both of the lesser amounts in the book bag were possessed by someone other than the person who possessed the greater amount.

In his post-trial motion, the defendant argued that there was insufficient evidence to support the jury's verdict.  He contended that he was entitled to a new trial or in the alternative, that a judgment of acquittal should be entered on the offense of possession with intent to distribute more than 5 grams but less than 50 grams of cocaine base, and in its place, a judgment of conviction should be entered on the lesser included offense of possession with intent to distribute less than 5 grams of cocaine base.  I agreed with Manley's alternative contention and my order of March 6, 2008, provided that result.

It is that result the government wants reconsidered.  I have done so.

Two important principles are applicable in this matter:

First, a criminal defendant is to be afforded the court's independent review of the sufficiency of the evidence adduced at trial to see whether it could support any rational determination of guilt beyond a reasonable doubt. *United States v. Powell,* 469 U.S. 57 (l984). Second, a conviction must be upheld if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, *United States v. Gibbs,* 190 F. 3d 188 (3rd Cir. 1990), and the court should not usurp the jury's function, *United States v. Jannotti,* 673 F. 2d 578 (3rd Cir. 1982). However, where the evidence clearly fails to support a verdict, a conviction must be reversed. *United States v. Inigo,* 925 F. 2d 641, 649 (3rd Cir. 1991).

As Mr. Justice Clarence Thomas so concisely stated when writing as a judge for the Court of Appeals:

> Overturning a jury's determination of guilt on the ground of insufficient evidence is not a task that we undertake lightly. As an appellate court, we owe tremendous deference to a jury verdict; we must consider the evidence in the light most favorable to the government, see *Glasser v. United States*, 315 U.S. 60, 80 (1942), and affirm the judgment if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307 (1979). We do not, however, fulfill our duty through rote incantation of these principles followed by summary affirmance. We must ensure that the evidence adduced at trial is sufficient to support a verdict as a matter of law. A jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on mere speculation.

*United States v. Long*, 905 F.2d 1572, 1576 (D.C. Cir. 1990). These principles apply equally to a trial court on review of a jury verdict.

Those cases which support the black letter rule that where possible a jury's verdict should not be overruled fall into several categories:

Multiple Count Indictments: *See Powell,* 469 U.S. at 64-69 (no reason to vacate

4

conviction because jury reached inconsistent verdicts in multiple-count indictment case); *United States v. Gross,* 961 F.2d 1097 (3rd Cir. 1992) (same); *United States v. Vastine,* 363 F. 2d 853 (3rd Cir. 1966) (same).

Conspiracy Offenses: *See United States v. Gonzalez,* 918 F. 2d 1129 (3rd Cir. 1990) (defendant's use of gun during drug transaction was foreseeable and therefore his fellow conspirators may be found guilty of firearms offense.); *United States v. Gibbs,* 190 F. 3d. 188 (3rd Cir. 1990) (purchaser of drugs can be found guilty of furthering objects of the conspiracy).

Accomplices: *See United States v. Frorup,* 963 F.2d 41 (3rd Cir. 1992) (one who aids and abets a drug sale may be found guilty of possession with intent to deliver); *United States v. Williams,* 739 F.2d 936 (3rd 1984) (all burglars may be found guilty of its possession where gun found in car).

Circumstantial Evidence: *See United States v. McNeil,* 887 F.2d 448 (3rd 1989) (circumstantial evidence may be basis of guilty verdict for solicitation to murder).

All of these cases are well-reasoned and reach a logical result. However, the problem here is different. It is not a question of different results from the same evidence, which crimes are covered by the same evidence, which defendants can be found guilty from the same evidence, or the strength of circumstantial evidence. Here the question concerns the dearth of evidence.

There was evidence presented from which the jury could have concluded that the person who possessed the cocaine base found in the upstairs bedroom and the person who possessed the quantities in the book bag were not the same. Manley directed the police to the drugs found in his bedroom. The police also found mail addressed to Manley as further evidence of constructive possession. On the other hand, there was no such evidence connecting Manley to the book bag in

5

the kitchen or the marijuana in the outside grill.  Manley's acquittal on the possession of marijuana charge is also consistent with a finding that Manley only possessed the drugs to which he referred and which were found in his bedroom.

      Simply stated, there is no way a rational juror – much less twelve rational jurors – could have been convinced beyond a reasonable doubt that some but not all the cocaine base found in the book bag was possessed by the defendant.  Yes, it is possible that a member of Manley's family or a casual visitor to the Manley home could have opened the freezer, opened the book bag, and being a trusting soul, added his 300 packets of cocaine base weighing 52 grams to the minor quantities already there.  Possible but highly improbable, and above all, there was no evidence to support such a finding.  It was not argued to the jury by Manley's astute counsel.  It was not covered by a request for charge or in my charge.  A possible explanation without any basis in the evidence is mere speculation and is not a substitute for evidence.  While after a favorable verdict, the government is entitled to all the inferences that reasonably can be taken from the evidence, the government is not entitled to any of the inferences that can be drawn from speculation, perhaps, or maybe.

      For the reasons discussed above and in my March 6, 2008 memorandum and order, the motion for reconsideration will be denied.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 07-220** |
| | : | |
| **LEVOIN MANLEY** | : | |

**O R D E R**

AND NOW, this 22nd day of April, 2008, IT IS HEREBY ORDERED that the government's motion for reconsideration (Doc. # 93) of my March 6, 2008 order is DENIED.

BY THE COURT:

　　　　　　　　　　　　　　　　　　　　/s/ J. William Ditter, Jr.
　　　　　　　　　　　　　　　　　　　　J. WILLIAM DITTER, JR., S.J.