IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| LEVOIN MANLEY | : | No. 10-CV-1053 |
| | : | CRIMINAL NO: 07-220 |


## MEMORANDUM AND ORDER

Ditter, J.                                                                                      June 8, 2011

Before me is a motion to Vacate, Set Aside, and/or Correct a Sentence pursuant to

28 U.S.C. § 2255, filed by Levoin Manley.  Manley is currently confined at the United States

Penitentiary at Waynesburg, Pennsylvania.  For the reasons set forth below, the motion is

DENIED.

## FACTUAL AND PROCEDURAL HISTORY

In April, 2007, Levoin  Manley was indicted and charged with four drug offenses:

possession with intent to distribute cocaine base, possession with intent to distribute marijuana,

and two counts of distribution of cocain base.  On May 9, 2007, the government filed a notice of

intent to seek enhanced penalties pursuant to 21 U.S.C. § 851.[1]

Manley filed a motion to suppress statements he made during the execution of a search

warrant of a home he shared with his parents.  He stated that they didn't know or have anything

---

[1] Manley was served with this notice at his initial appearance before a United States Magistrate Judge on
May 21, 2007.

to do with the drugs that were up in his room.  The suppression hearing was conducted by the

Honorable John R. Padova on September 18, 2007.  At the hearing Officer Joseph Smith testified

as to Manley's statements and that Manley directed the officers to narcotics found in an upstairs

bedroom.  Officer Smith also testified that he did not include these statements in any written

report.  Manley's mother also testified that her  son told the officers that his parents "don't know

nothing about this."  Suppression Tr. 37.  Judge Padova denied the motion to suppress.

This case was transferred to me for a jury trial.

The government presented evidence from which the jury could conclude that on the night

of February 23, 2007, Philadelphia police officers conducted surveillance of a house identified as

5048 Tacoma Street.  A few feet beyond this house, Tacoma dead ends into Manheim Street.

Around the corner in the 100 block of Manheim Street there was an abandoned house referred to

by the police as a crack or smoke house, one where men and women would go to use drugs.

On the night in question, an officer observed the defendant come to the door of 5048

Tacoma Street, heard him make a low whistle-like noise after which a number of individuals

approached the defendant and in exchange for money received from him, small, unknown

objects.  A physical description of these persons was broadcast to other officers who in turn

arrested a man and woman of matching description inside the crack house in the possession of

green and pink packets containing crack cocaine.  In a later search of 5048 Tacoma Street

officers found green and pink packets containing crack cocaine.  From this evidence the jury

could conclude that the defendant was selling crack cocaine .

Photographs of the exterior and interior of the Manheim Street crack house were received

in evidence.

Officer Smith testified that when he and other officers went to the Tacoma Street house pursuant to a search warrant, "Manley blurted out that his parents didn't have anything to do with what was going on, and that he alerted us to some narcotics that were upstairs in the room." Tr., Dec. 4, 2007, 82-83. Defense counsel cross-examined Officer Smith about Manley's statements and his failure to record them in any police reports. Officer Smith was also examined on his failure to record any of his observations during the surveillance or execution of the search warrant.

On the third day of trial, defense counsel brought to my attention the fact that a juror's husband had been present in the courtroom during testimony concerning a firearm found at the Manley house during the execution of the search warrant. This evidence was not going to be heard by the jury so counsel was concerned the husband may have discussed this testimony with his wife. To address this concern, the husband was called to the stand and questioned under oath by defense counsel. The husband testified that he and his wife had not discussed the trial in any way. Satisfied, counsel made no further motion to remove the juror. Of course, the juror was instructed throughout the trial not to discuss the evidence with anyone.

A special verdict form was used by the jury that required specific findings as to the quantities of drugs involved in each count of the indictment. After deliberations, the jury convicted Manley on three of the four counts charges. Manley filed a motion under Federal Rules of Criminal Procedure 29 and 33 asking that I set aside the guilty verdict or grant a new trial on his conviction for possession with intent to deliver more than five but less than fifty grams of cocaine base because the jury's calculation of the drug quantity was not supported by the evidence. On March 6, 2008, I vacated Manley's conviction on count one and entered a

judgment of conviction for the lesser included offense of possession with intent to distribute less than five grams of cocaine base. Manley's motion for a new trial was denied. The government's request for reconsideration was denied.

On May 7, 2008, Manly was sentenced to 267 months imprisonment on count one with a concurrent sentence of 240 months imprisonment on courts three and four, 72 months supervised release, and a special assessment of $300.

Manley filed a timely appeal challenging the enhanced maximum sentence he received pursuant to the career criminal enhancement provision of 21 U.S.C. § 851, fully recognizing that the Supreme Court had previously held that recidivist sentencing enhancements are constitutional.

After pursuing his direct appeal without success, Manley has filed this timely motion. Manley claims his trial counsel was ineffective for failing to move for a juror to be replaced after her husband heard courtroom testimony that was not presented to the jury and for failing to object to the introduction of photographs of the Manheim Street crack house. He also claims his sentence was unconstitutionally enhanced pursuant to 21 U.S.C. § 851, that the suppression court erred in denying his motion to suppress certain statements, and that I showed bias by my referring to him as a "black male."

### DISCUSSION

In providing for a prisoner in custody under sentence of a federal court to move that court to correct an erroneous sentence, 28 U.S.C. § 2255 states, in pertinent part:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional

rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

1.  Ineffective assistance of trial counsel

Manley raises two claims of ineffective assistance of trial counsel: 1) for failing to move to strike a juror after the juror's husband was in the courtroom during testimony that was not presented to the jury; and 2) for failing to object to the government's introduction of the crack house photographs.

In order to establish ineffective assistance of counsel, Manley must satisfy a two-pronged test.  First, he must demonstrate that his counsel's performance fell short of the norms of the legal profession.  *Strickland v. Washington*, 446 U.S. 668, 690 (1984).  Second, he must establish that counsel's deficient performance caused him prejudice, i.e., that there is "a reasonable probability 'that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.* at 694; *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991).

Counsel cannot be found ineffective for failing to raise meritless claims, and counsel's strategic choices are reviewed with a strong presumption of correctness.  *Sistrunk v. Vaughn*, 96 F. 3d 666, 670 (3d Cir. 1996).  Rather, Manley must show that counsel's performance fell "outside the wide range of professionally competent assistance."  *United States v. DeRewal*, 10 F.3d 100, 104 (3d Cir. 1993).

A.  Failure to move to strike juror

During trial, counsel for Manley brought it to my attention that the husband of a juror was present in the courtroom during testimony that was not going to be heard by the jury concerning a

gun found during the search of Manley's home.  As a result, the husband was questioned under oath and he testified that he had not discussed anything about the trial with his wife.  Because there was no reason to question the veracity of this man, there was no reason to believe the integrity of the trial had been compromised.  Under these circumstances, a request to dismiss the juror would have been denied.  As counsel cannot be ineffective for failing to pursue a futile course of action, Manley's claim is without merit.

### B.  Failure to object to the admission of pictures

Manley contends counsel was ineffective for failing to object to the admission of pictures of the neighboring crack house.  He contends that there was nothing to show he was linked to it, nothing to show he had any knowledge of it, nothing to show he resided there, and nothing to show he instructed anyone to use it.

Although he does not say so, I assume Manley is contending that the pictures were irrelevant and therefore prejudicial.

Manley fails to understand why the pictures were received in evidence and why an objection by counsel would have been overruled.  As I previously stated, a man and a woman who had been seen giving money to Manley and receiving something from him were arrested in the crack house and found in possession of crack cocaine packaged in the same manner as crack cocaine found at 5048 Tacoma Street.  The pictures were relevant to show that the Manheim Street house had been abandoned and was available to and used by drug users.

Again, there is no merit in Manley's claim.

## 2.  Application of enhanced penalty

Manley also seeks review of the enhancement of his sentence because of his status as a

recidivist.  Manley contends it was a violation of his constitutional rights for the court to make this finding rather than require the government to prove it as an element of his offense.  This claim has been previously litigated and rejected on direct appeal, and thus, cannot be raised in this motion.  Moreover, his claim is contrary to established law.

3.  Alleged suppression court error

Manley asserts that the suppression judge erred in finding the police testimony at the hearing credible.  Credibility is an issue of fact that generally is not disturbed on collateral review because it is not a constitutional or jurisdictional challenge.  Here, defense counsel had a full opportunity to test the credibility of the police officer and he did so competently and effectively at the suppression hearing and at trial.  There is no merit to this claim.

4.  Alleged trial court bias

Finally, Manley contends I showed bias against him apparently because I referred to him as a "black male."  It is true that in the course of ruling on the introduction of evidence of a prior offense as permitted by  Fed. R. Evid. 404(b), I said, "I conclude that the evidence is being offered to show the identity of the black male who was seen distributing drugs on the night in question."  Tr. 20, 12/05/07.  My use of the words, "black male," was to establish that I was referring to the same person Officer Joseph Smith had described as a "black male" when testifying about his surveillance of 5048 Tacoma Street on the night of February 23, 2007.

In no way is use of the term, "black male," evidence of bias and in any event, the jury was not present when I used it.

## **CONCLUSION**

There is no merit in any of the defendant's contentions.  His motion for relief as provided

by  28 U.S.C. § 2255 must therefore be refused.  An appropriate order follows.